559 S.W.2d 428 (1977)
L. W. F., a minor, Appellant,
v.
STATE of Texas, Appellee.
No. 17951.
Court of Civil Appeals of Texas, Fort Worth.
November 22, 1977.
Rehearing Denied December 28, 1977.
*429 Robert D. Hoover and Allan K. Butcher, Fort Worth, for appellant.
Tim C. Curry, Crim. Dist. Atty., and Candyce W. Howell, Fort Worth, for appellee.

OPINION
MASSEY, Chief Justice.
The question is of propriety of certification of L. W. F., a minor, to be tried as an adult in the criminal district court of Tarrant County, Texas.
On May 11, 1977, the domestic relations court of Tarrant County, Texas, sitting as a juvenile court, waived its jurisdiction and certified the minor to criminal district court to be tried as an adult for alleged violations of penal laws of the grade of felony. The minor appealed.
We affirm.
At time of the offense(s) charged the minor was of the age of sixteen years, as he was likewise at time of the hearing and certification by the juvenile court.
Besides five points of error which are all related to the charge of a want of due process of law in the handling of the case prior to the hearing on May 11, 1977, there is by point of error no. 1, the contention that there was insufficient evidence to support the juvenile court's finding that the minor, L. W. F., on date of the hearing, had the sophistication and maturity requisite for his discretionary transfer to the criminal district court.
The single case upon which there is reliance in support of the contention of E. A. W. v. State of Texas, 547 S.W.2d 63 (Tex. Civ.App.Waco 1977, no writ history). In that case it was an eleven year old minor *430 who was charged to have engaged in delinquent conduct so as to have her adjudged delinquent so as to justify commitment to the Texas Youth Council. The case was not one where there was attempt to have the child certified to be tried for felony offense in a criminal district court. Further, the central issue to the appeal was whether the child "knowingly, intelligently, and voluntarily" waived her privilege against self-incrimination within the meaning of Tex. Family Code Ann. § 51.09(b) (1975) "Waiver of Rights" in executing the written confession which was introduced in evidence in support of the state's case for commitment because of a burglary.
The holding of the Waco court of civil appeals reversing and remanding the judgment of commitment to the Texas Youth Council was justified by the following, quoted from the opinion: "Can an eleven year old girl of average intelligence for her age, with a sixth grade education, `knowingly, intelligently, and voluntarily' waive her constitutional privilege against self-incrimination, where she has spent from midnight to 9:00 A.M. in the Juvenile Detention Center, and where she has had no guidance from or the presence of a parent or other adult in loco parentis, or an attorney? We think not. In our opinion, a child of such immaturity and tender age cannot knowingly, intelligently, and voluntarily waive her constitutional privilege against self-incrimination in the absence of the presence and guidance of a parent or other friendly adult, or of an attorney, [citing cases]."
In the instant case there was no tender into evidence any confession by the minor involved. The question before us relates to the existence of facts and circumstances by reason of which the trial court deemed itself clothed with the discretionary power to make the certification of the minor to be tried as an adult. On this the law to which reference must be made is to be found in the Tex.Family Code Ann. § 54.02(a) and § 54.02(f) (1975) as follows:
"54.02. Waiver of Jurisdiction and Discretionary Transfer to Criminal Court
"(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:
"(1) the child is alleged to have violated a penal law of the grade of felony;
"(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and
"(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.
"...
"(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:
"(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
"(2) whether the alleged offense was omitted in an aggressive and premeditated manner;
"(3) whether there is evidence on which a grand jury may be expected to return an indictment;
"(4) the sophistication and maturity of the child;
"(5) the record and previous history of the child; and
"(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.
"..."
From the sections quoted there is no doubt but that the discretionary power of the trial court was invoked. The only question is the state of the proof upon the sophistication and maturity on the minor involved. Impliedly conceded is that the evidence in the case was sufficient to satisfy all the other matters to be considered by the trial court in making the determination.
*431 In the ordinary case the most authoritative evidence would lie in expert opinion upon the subject's mental ability to know and understand the nature and effect of his voluntary actions and whether they were right or wrong according to society's mores. While the intelligence quotient of the subject is undoubtedly to be taken into consideration both by the expert and the court, it is merely an element in the ultimate conclusion to be made. On the appeal there is the attempt to attribute more to have resulted from the minor's want of intelligence, amply exemplified in the expert testimony, than is warranted by our law. The instant case is not to be distinguished from the ordinary, and the minor, L. W. F. was sufficiently shown to have been a subject with sophistication and maturity requisite to a proper transfer.
The minor introduced evidenceproof that after arrest (9:30 P.M.) minor was taken to a "sector headquarters," and not until 5:00 A.M. the following day to juvenile division in downtown Fort Worth. About two hours after arrest he was taken before a magistrate.
On the complaints relative to due process of lawand that such was denied the minor in question because: (2) he was held 6-8 hours in facility not designated for juveniles, (3) without opportunity afforded to contact any other person, and (4) without notice to his parents we find no merit. Further, on the complaint that there was denial of due process because (5) antecedent to his arrest a photo-spread used in identification was unconstitutionally suggestive; and (6) because the court, after having been arrested and before the hearing from which the appeal was taken granted motions to allow the photographing and finger-printing of the minor without any notice to the minor's attorney, we likewise find no merit.
In view of the question at hand the portion of due process of law with which we need be concerned relates to the occasion of and conduct of the hearing at which L. W. F. was certified to be tried as an adult. None of the complaints made relative to denial of due process of law had any necessary or causal relation to these proceedings. Assuming, though not deciding, that there was prior action by arresting officers and by the court which disregarded the rights of the minoreven amounting to the deprivation of his rights to due process of the lawit is clear from the complete record of the certification hearing that as applied thereto he was adjudged competent to be so tried pursuant to prescribed procedure and according to the law of the land.
The only possible meritorious complaint by the points of error upon the want of due process of law would be that made upon the photo-spread used in the identification of L. W. F. Charged is that the rape accomplished by him occurred on April 18, 1977; the first of the attempted rapes on April 16, 1977; and the second of them on April 19, 1977. L. W. F. was arrested about 9:30 P.M. on April 19, 1977. As indicated, we overrule the complaint. What occurred is that after the alleged offense of rape was committed on April 18th, the police officers went to the residence of the victim who reported the offense, taking with them photographs of several possible "suspects" including that of a person (never proved to have been that of L. W. F.) who was selected by the victim as one who "looked just like" the person who had committed the offense of rape. While in questions on cross-examination there was assumption that her identification was of L. W. F., she never so testified. Instead she made independent in-court identification of him as the person who had raped her.
Two other witnesses, both of whom made in-court identification of the minor, were women whom L. W. F. was charged to have attempted to rape. One of these never saw any pictures. The other saw pictures and in her testimony stated that "the one that they had looked as near like him as I could remember." The photograph was not shown to have been a photograph of L. W. F. Though somewhat uncertain the photographic identification was apparently made prior to time of L. W. F.'s arrest. Both witnesses made independent in-court identifications of the minor as the person who had attempted to rape them.
*432 Persuasive is the holding in Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), where it was said that convictions based upon eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification. Here no photographic identification was actually made prior to arrest; such as was made by two of three victims was not shown to have been of the minor actually involved; and all three victims made in-court identifications of such minor.
All points of error are overruled and the order of the juvenile court waiving its jurisdiction over the minor child and certifying him for trial as an adult is affirmed.