# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

ON REHEARING

NO. 03-16-00556-CV

In the Matter of J. G. S.

FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
NO. 4915, HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING

## MEMORANDUM OPINION

We withdraw our opinion and judgment issued on February 10, 2017, and substitute the following opinion and judgment in their place.

The State filed a motion for discretionary transfer in the juvenile court requesting that the court waive its exclusive jurisdiction over J.G.S., a minor, and transfer him to criminal district court to be tried as an adult for the offense of murder. The juvenile court ordered the statutorily required social evaluation and investigation and set the motion for a hearing. Following the hearing, the court granted the motion, waived its exclusive jurisdiction, and transferred the case to district court. This accelerated appeal followed. We will vacate the juvenile court's order and remand this case to the juvenile court for proceedings consistent with this opinion.

## DISCUSSION

In three issues, J.G.S. challenges the juvenile court's waiver of jurisdiction. Specifically, he contends that the transfer order did not state, with adequate specificity, the factual underpinnings of the court's conclusions and grounds for transfer and that the evidence from the transfer hearing is legally and factually insufficient to support the court's decision to waive jurisdiction.

## I.     Applicable law and standard of review

Section 54.02(a) of the Juvenile Justice Code provides that the juvenile court may waive its exclusive original jurisdiction and transfer a child to the criminal district court for criminal proceedings if the following is determined:

> (1) the child is alleged to have violated a penal law of the grade of felony;
>
> (2) the child was . . .14 years of age or older at the time [of the alleged] offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree[;] . . . and
>
> (3) after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

Tex. Fam. Code § 54.02(a). When determining the seriousness of the offense alleged or the background of the child pursuant to the third requirement, section 52.04(f) requires the juvenile court to consider the following non-exclusive factors:

2

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) the sophistication and maturity of the child;

(3) the record and previous history of the child; and

(4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

*Id.* § 54.02(f).

As the petitioner seeking waiver of the juvenile court's jurisdiction, the State has the burden "to produce evidence to inform the juvenile court's discretion as to whether waiving its otherwise-exclusive jurisdiction is appropriate in the particular case." *Moon v. State*, 451 S.W.3d 28, 40 (Tex. Crim. App. 2014). The State must "persuade the juvenile court, by a preponderance of the evidence, that the welfare of the community requires transfer of jurisdiction for criminal proceedings, either because of the seriousness of the offense or the background of the child (or both)." *Id.* at 40-41. When exercising its discretion to waive jurisdiction, the juvenile court must consider all four of the factors listed in section 54.02(f). *Id.* at 40. Although it makes its final determination from the evidence concerning the section 54.02(f) factors, the juvenile court "need not find that each and every one of those factors favors transfer before it may exercise its discretion to waive jurisdiction." *Id.*

In *Moon v. State*, the court of criminal appeals recently elaborated upon the statutory requirement that, if the juvenile court waives jurisdiction, it must "state specifically" in its order its reasons for waiver:

3

Section 54.02(h) obviously contemplates that both the juvenile court's reasons for waiving its jurisdiction and the findings of fact that undergird those reasons should appear in the transfer order. In this way the Legislature has required that, in order to justify the broad discretion invested in the juvenile court, that court should take pains to "show its work," as it were, by spreading its deliberative process on the record, thereby providing a sure-footed and definite basis from which an appellate court can determine that its decision was in fact appropriately guided by the statutory criteria, principled, and reasonable . . . .

*Id.* at 49. The court emphasized that a reviewing court "should *not* be made to rummage through the record for facts that the juvenile court *might* have found, given the evidence developed at the transfer hearing, but did not include in its written transfer order." *Id.* at 50.

The court also clarified the standard of review when a juvenile court waives its exclusive jurisdiction pursuant to section 54.02: "[I]n evaluating a juvenile court's decision to waive its jurisdiction, an appellate court should first review the juvenile court's specific findings of fact regarding the Section 54.02(f) factors under 'traditional sufficiency of the evidence review.'" *Id*. at 47. Under a legal sufficiency challenge, we credit evidence favorable to the challenged finding and disregard contrary evidence unless a reasonable fact finder could not reject the evidence. *Moon v. State*, 410 S.W.3d 366, 371 (Tex. App.—Houston [1st Dist.] 2013)*, aff'd*, 451 S.W.3d 28. If there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *Id.* Under a factual sufficiency challenge, we consider all of the evidence presented to determine if the court's finding is so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. *Id.* Our review of the sufficiency of the evidence supporting waiver is limited to the facts the juvenile court expressly relied on in its transfer order. *Moon*, 451 S.W.3d at 50.

4

We must also review the juvenile court's ultimate waiver decision under an abuse of discretion standard. *Id.* at 47. We must consider, in light of our analysis of the sufficiency of the evidence to support the statutory factors—and as limited by the express fact findings contained in the transfer order—whether the juvenile court acted without reference to guiding rules or principles. *Id.* at 47, 50.

**II.    The order waiving jurisdiction in the present case lacked the case-specific findings of fact required under *Moon***

In his third issue, J.G.S. argues that the juvenile court's order waiving jurisdiction lacks the case-specific fact findings necessary to support transfer to the criminal district court. We agree.

In its transfer order, the juvenile court noted that it was considering the factors mandated by section 54.02(f) and made the following determinations relevant to this appeal:

1. [J.G.S.] is alleged to have violated a penal law of the State of Texas of the grade of a First Degree felony, to wit: that on or about the 2nd day of April, 2016, the said child violated a penal law of this State punishable by imprisonment or confinement in jail, to-wit: Murder § 19.02 of the Texas Penal Code.

2. The alleged offense was committed against . . . the decedent.

3. [J.G.S.] is a male child who was born on the 12th day of August, 1999, and who is seventeen (17) years of age at the time of this hearing but sixteen (16) years at the time of the offense.

\* \* \*

8. Prior to the hearing . . . the Court ordered the Hays County Juvenile Probation Department complete a Social Evaluation and full investigation of the child, his circumstances, and the circumstances of the alleged offense. The Court ordered a study concerning [J.G.S.] as required in Texas Family Code § 54.02(d), and said

5

study was performed by Dr. David Landers. The entire study is credible, along with all the oral testimony offered by Dr. David Landers. Additionally, Dr. Eric Frey testified as an expert witness for [J.G.S.]. Dr. Frey's oral testimony and written report are found credible.

9. The Court has considered written reports from the probation officer, professional court employees, and professional consultants in addition to the testimony of witnesses and finds that the Court has complied with the five day requirement prior to hearing [sic] in making available to Jeremiah Williams, attorney of record, all written materials to be considered by the Court in making this transfer decision.

10. The Court considered the sophistication and maturity of the child and finds the Respondent is sophisticated and mature under the code. [J.G.S.'s] sophistication and maturity is normal as compared to other juveniles of this age. [J.G.S.] posess[es] the cognitive abilities and academic skills to understand court proceedings and to participate in his own defense.

11. Notwithstanding the current charge of murder and possession of marijuana in this cause,[1] [J.G.S.'s] juvenile history is limited to one charge of Unlawful Carry of a Weapon (Class A misdemeanor) alleged to be committed on November 23, 2015. [J.G.S.] received no services through Hays County Juvenile Probation, or any other Juvenile Department, before the current charge and detention of Murder. The Unlawful Carry of a Weapon is currently pending in the Hays County Court at Law.

12. The Court considered the record and previous history of the child and the prospects of adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures, services and facilities currently available to the juvenile court will not likely adequately [sic] to rehabilitate Respondent.

* * *

14. The Court has considered the seriousness of the offense and the background of the child and finds that because of the seriousness of the offense, the sophistication and maturity of the child which is sufficient to assist in his own defense, among other things, and because the offense was committed against an individual . . . the welfare of the community requires that criminal proceedings proceed in criminal court concerning the aforementioned felony offense and all criminal conduct occurring in said criminal episode.

---

[1] The State sought waiver of the juvenile court's jurisdiction only over the murder charge.

The juvenile court's order indicated two reasons for waiver: (1) the seriousness of the offense and (2) J.G.S.'s background. In support of the former, the order cites the fact that the offense was committed against a person. In support of the latter, the order cites the sophistication and maturity of appellant and that rehabilitation is unlikely. As instructed by *Moon*, before reaching the question of whether sufficient evidence supports transfer, we conclude that the order lacks the case-specific findings of fact necessary to support the court's reasons for waiving jurisdiction under *Moon*. *See Moon*, 451 S.W.3d at 48-51.

### A.     The offense was committed against a person

The first reason for transfer cited in the order was the seriousness of the offense. But the only finding in support of that reason contained in the order was the fact that the offense was committed against a person. Although that finding is relevant to a transfer determination, it alone does not justify transfer. *See id.* at 48 (transfer order that cites category of case without providing specifics of offense will not support transfer). Absent from the order are case-specific facts regarding the charged offense or J.G.S.'s role in it that would provide a reviewing court a basis for deference regarding the juvenile court's conclusion that the welfare of the community required criminal proceedings because of the seriousness of the offense. *See id.*; *see also Bell v. State*, ___ S.W.3d ____, No. 01-15-00510-CR, 2016 WL 7369204, at *4-5 (Tex. App.—Houston [1st Dist.] Dec. 15, 2016, no pet. h.) (order deficient because lacked case-specific findings regarding seriousness of offense, and child's background not cited as reason for transfer); *cf. In re S.G.R.*, 496 S.W.3d 235, 240 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (court found that juvenile participated in gang-related murder in which 14-year-old child sustained 46 injuries from machete);

7

*In re K.J.*, 493 S.W.3d 140, 143-33 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (order detailed "egregious and aggravating" facts of multiple offenses).

## B.    J.G.S.'s background

Turning then to the second cited reason supporting transfer—J.G.S.'s background—we conclude that the order again fails to provide case-specific findings of fact that support transfer on that basis. *See Moon*, 451 S.W.3d at 49.

### i. Sophistication and maturity

The order states that J.G.S. is "sophisticated and mature under the code," explaining (1) his "sophistication and maturity is normal as compared to other juveniles of his age," and (2) he "posess[es] the cognitive abilities and academic skills to understand court proceedings and participate in his own defense." First, it is unclear how a finding that J.G.S.'s sophistication and maturity is normal for his age, without more, justifies transfer from a system designed to adjudicate individuals his age absent additional fact findings favoring transfer.[2]

Second, the *Moon* court indicated that a determination as to whether a juvenile is able to assist in his own defense is an improper application of that statutory factor.[3] *Id.* at 50, n.87. The

---

[2] A determination that such a finding supports transfer would also seem to impermissibly shift the burden to the defense to demonstrate below-average sophistication and maturity to avoid transfer to the adult criminal-justice system. *See Moon v. State*, 451 S.W.3d 28, 40 (Tex. Crim. App. 2014) (State has burden to demonstrate propriety of transfer).

[3] We note that the *Moon* court observed that a sophistication-and-maturity finding "would have been relevant to support transfer," but concluded that, because the order did not cite Moon's background as a reason for transfer, that finding was "superfluous." *Id.* at 50-51. Therefore, the court's comments regarding proper application of that factor are not binding, but the court's analysis is instructive of that issue.

court observed that "it is doubtful that the Legislature meant for the sophistication-and-maturity factor to embrace the juvenile's ability to waive his constitutional rights and assist in his defense." *Id.* Rather, the court opined, the purpose of that consideration is to determine whether the juvenile "appreciates the nature and effect of his voluntary actions and whether they were right or wrong." *Id.* (quoting *In re E.D.N.*, 635 S.W.2d 798, 800 (Tex. App.—Corpus Christi 1982, no writ); *see also Matthews v. State*, ___ S.W.3d ___, Nos. 14-15-00452-CR, 14-15-00577-CV, 14-15-00616-CV, 2016 WL 6561467, at *7, n.4 (Tex. App.—Houston [14th Dist.] Nov. 6, 2016, no pet. h.) (noting that juvenile court may have misapplied that factor in finding that juvenile possessed sufficient sophistication and maturity to aid in his defense but concluding that other findings were sufficient to support waiver).  It is thus unclear from the order that the court properly applied that statutory criterion.  *Moon*, 451 S.W.3d at 49 (findings must provide "a sure-footed and definite basis from which an appellate court can determine that its decision was in fact appropriately guided by the statutory criteria, principled, and reasonable").

### ii. Record and previous history

The order indicates that J.G.S.'s criminal history is limited to one unlawful-carry charge that was then pending and that he had received no services from any juvenile department before the current charges.  The State does not contend, and we do not find, that one pending misdemeanor charge would support transfer.

### iii. Protection of the public and rehabilitation of the child

Finally, the order states that rehabilitation of J.G.S. is not likely.[4] Again, however, the order provides no case-specific information underpinning that conclusion. *Cf. K.J.*, 493 S.W.3d at 145 (order cited numerous case-specific facts supporting conclusion that defendant posed risk to public and was unlikely to be rehabilitated).

In sum, the order in this case essentially recites the statutory language setting forth the criteria applicable to a transfer determination, but it fails to provide the case-specific findings of fact necessary to permit a reviewing court to determine whether the court properly applied that criteria as required under *Moon*. *Moon*, 451 S.W.3d at 49 (concluding that statute requires more than "merely an adherence to printed forms" and instead requires a true delineation of reasons supporting the court's decision). Although the order indicates that the court heard extensive evidence regarding the propriety of transfer and that the court found such evidence credible, the order contains no case-specific findings or recitation of that evidence that would provide "a sure-footed and definite basis from which" we can determine that its decision was properly reached. *See id.*

The State cites evidence in the record that it contends supports the court's transfer determination, including evidence regarding the specifics of the offense and of J.G.S.'s background.

---

[4] Although the wording of the order is unclear, it appears that the only finding the court made with respect to those statutory factors concerned the likelihood of rehabilitation and not J.G.S.'s record and previous history or protection of the public:

> The Court considered the record and previous history of the child and the prospects of adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures, services and facilities currently available to the juvenile court will not likely adequately [sic] to rehabilitate Respondent.

*See* Tex. Fam. Code § 54.02(f)(3), (4).

But none of the details of that evidence were incorporated into the order, and the *Moon* court expressly rejected the State's argument that the appellate court could simply review the record—irrespective of the fact findings set forth in the order—to determine whether evidence introduced at the transfer hearing supported the court's transfer determination. *See id.* at 48, 50 (despite that evidence in record "painted a much more graphic picture of the appellant's charged offense," appellate court is not required "to rummage through the record for facts that the juvenile court might have found . . . but did not include in its written transfer order"); *see also Bell*, 2016 WL 7369204, at *6 (declining to review record to find facts supporting waiver when written order did not provide adequate fact findings).

The *Moon* court observed that "the juvenile court that shows its work should rarely be reversed" because that court's discretion "is at its apex when it makes this largely normative judgment" as to whether a child should be transferred to the criminal court. *Moon*, 451 S.W.3d at 46, 49. When, however, the juvenile court enters an order that is devoid of case-specific findings of fact supporting the statutory criteria for transfer, as in *Moon*, the juvenile court is not entitled to such deference. *Id.* at 51. Given the absence of case-specific fact findings supporting transfer from the juvenile court's transfer order in this case, *Moon* compels us to conclude that the court abused its discretion in waiving its jurisdiction and sustain J.G.S.'s third issue. Accordingly, we need not reach J.G.S.'s first and second issues challenging the sufficiency of the evidence produced at the transfer hearing to support the reasons for transfer cited in the order and take no position as to those issues. *See id.* at 51.

11

**CONCLUSION**

We vacate the juvenile court's transfer order and remand this case to the juvenile court for further proceedings consistent with this opinion.[5]

_____

Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Vacated and Remanded on Rehearing

Filed: February 17, 2017

---

[5] The case remains "pending in the juvenile court" where "at least one legislatively provided alternative would seem to be for the juvenile court to conduct a new transfer hearing and enter another order transferring the appellant to the jurisdiction of the criminal court, assuming that the State can satisfy the criteria under Section 54.02(j) of the Juvenile Justice Code," if applicable. *See Moon*, 451 S.W.3d at 52 n.90 (citing Tex. Fam. Code § 54.02(j)); *Bell v. State*, ___ S.W.3d ____, No. 01-15-00510-CR, 2016 WL 7369204, at *6 (Tex. App.—Houston [1st Dist.] Dec. 15, 2016, no pet. h.) (noting same); *see also In re J.G.*, 495 S.W.3d 354, 365-66 (Tex. App.—Houston [1st Dist.] 2016, pet. filed) (holding that, because conviction reversed for trial error and not insufficient evidence, double jeopardy did not preclude recertification proceedings).