**Opinion issued December 15, 2016**



In The

# Court of Appeals

For The

## First District of Texas

_____

## NO. 01-15-00510-CR

_____

## KENDALL BELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Case No. 1394740

# O P I N I O N

When Kendall Bell was 16, the State filed a petition in a Harris County juvenile court alleging that he had engaged in delinquent conduct by committing aggravated robbery with a deadly weapon. On the State's motion, the juvenile court concluded that because of the seriousness of Bell's offense, the welfare of the

community required criminal proceedings. It therefore waived its jurisdiction and transferred the case to criminal district court, where Bell pleaded guilty without an agreed recommendation, and the trial court deferred a finding of guilt and placed him on community supervision for six years. The State later filed a motion to adjudicate, alleging that Bell had violated the terms of his supervision. Following a hearing, the district court granted the motion and sentenced Bell to 20 years' imprisonment.

On appeal, Bell contends that under *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), the juvenile court abused its discretion by waiving jurisdiction without making adequate case-specific findings to support its conclusion that the welfare of the community required criminal proceedings because of the seriousness of the offense. In the alternative, Bell argues that the evidence does not support the district court's finding that he violated the terms of his supervision.

Because we agree that the juvenile court did not provide sufficient case-specific findings to support its waiver of jurisdiction, we vacate the judgment of the criminal district court, dismiss the criminal case, and remand this case to the juvenile court for further proceedings consistent with this opinion.

### Juvenile Court's Waiver of Jurisdiction

At the hearing on the State's motion to waive jurisdiction, the juvenile court admitted three exhibits: proof that Bell had been served, a stipulation of Bell's birth

date, and a probation report. The juvenile court also heard testimony from three witnesses.

Deputy A. Alanis of the Harris County Sheriff's Office investigated a robbery at a Family Dollar store. Alanis testified that a surveillance video shows four people with handkerchiefs covering their mouths exiting a white truck and entering the store. Alanis testified that one of the four individuals went aisle to aisle with a gun looking for customers, pointed the gun at a woman with a young child, and took her purse. The other three individuals, at least one of whom also had a gun, are seen on the video taking the employees' money and phones and unsuccessfully trying to get the employees to open the register.

Alanis testified that when the four robbers heard police arriving, they ran back to the truck, and a chase ensued. Eventually, the robbers crashed the truck and ran. Three of the robbers were apprehended, and two of them identified Bell as the fourth robber. When Alanis went to Bell's house to interview him, Alanis recognized him as the person on the video who had pointed the gun at the woman.

After the hearing, the juvenile court entered an order reciting its findings and granting the State's motion to waive jurisdiction. After the criminal district court adjudicated Bell guilty, he appealed.

**Discussion**

In his first issue, Bell argues that we should vacate the criminal district court's judgment and remand the case to the juvenile court because the juvenile court's order waiving jurisdiction does not contain the findings necessary to satisfy *Moon*.

## A. Waiver of jurisdiction under Juvenile Justice Code section 54.02

To waive jurisdiction and transfer a child to the criminal district court, a juvenile court must find: (1) the child was 14 years old or older at the time of the alleged offense; (2) there is probable cause to believe the child committed the offense; and (3) because of the seriousness of the alleged offense or the background of the child (or both), "the welfare of the community requires criminal proceedings." TEX. FAM. CODE § 54.02(a). In deciding whether the welfare of the community requires criminal proceedings, the juvenile court must consider four non-exclusive factors:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against people;

(2) the sophistication and maturity of the child;

(3) the record and previous history of the child; and

(4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

*Id.* § 54.02(f). Although all four of the section 54.02(f) factors need not weigh in favor of transfer in order for a juvenile court to waive its jurisdiction and the juvenile

court is not required to make any specific findings regarding these factors, the order must show that the juvenile court took the section 54.02(f) factors into account. *Moon*, 451 S.W.3d at 41–42 ("[T]he order should . . . expressly recite that the juvenile court actually took the Section 54.02(f) factors into account in making this [waiver] determination, [b]ut it need make no particular findings of fact with respect to those factors[.]").

Importantly, if the juvenile court waives jurisdiction, it "shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court[.]" *See* TEX. FAM. CODE § 54.02(h); *Moon*, 451 S.W.3d at 38. The order must specify which facts the juvenile court relied upon in making its decision that because of the seriousness of the offense or the background of the child (or both), the welfare of the community requires criminal proceedings. *See Moon*, 451 S.W.3d at 47, 50 (statute requires that juvenile court order "state specifically" findings regarding section 54.02(a)(3) basis for waiver).

In *Moon*, the juvenile, Moon, was charged with murder and the juvenile court waived jurisdiction and transferred him to the criminal district court to be tried as an adult. The juvenile court found that because of the seriousness of the offense, the welfare of the community required criminal proceedings. But, significantly, it did not find that criminal proceedings were required because of Moon's background. *Moon*, 451 S.W.3d at 50–51; *see* TEX. FAM. CODE § 54.02(a) (juvenile court may

find seriousness of the offense, background of the child, or both, warrants waiver). The Court of Criminal Appeals held that a finding that the welfare of the community required criminal proceedings because of the seriousness of the offense must be supported by express case-specific findings about the offense. *Moon*, 451 S.W.3d at 50–51.

The juvenile court's order in *Moon* expressly stated that the court had considered the four section 54.02(f) factors. *Id.* at 33. The juvenile court also made several express findings pertaining to those factors:

- The offense was against a person;

- Moon was sufficiently sophisticated and mature to have intelligently, knowingly and voluntarily waived all constitutional rights heretofore waived and to aid in his defense and be responsible for his conduct; and

- That there was little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of Moon by use of procedures, services, and facilities currently available to the Juvenile Court.

*See id.*; TEX. FAM. CODE ANN. § 54.02(f). The Court of Criminal Appeals concluded that only the first of these was a case-specific finding about the offense. *See Moon*, 451 S.W.3d at 50. The rest of the juvenile court's findings were "superfluous" under the circumstances because they were not case-specific findings about the offense and the juvenile court had not relied on Moon's background as a basis for waiver. *See id.* at 51. The Court of Criminal Appeals concluded that a finding that an offense

6

was against the person of another, without any other findings about the specifics of the offense, is not sufficient to support a conclusion that the welfare of the community requires criminal proceedings because of the seriousness of the offense. *See id.* at 50. Accordingly, the Court of Criminal Appeals concluded that the juvenile court abused its discretion by waiving jurisdiction. *See id.*

## B. Standard of Review

"[I]n evaluating a juvenile court's decision to waive its jurisdiction, an appellate court should first review the juvenile court's specific findings of fact regarding the Section 54.02(f) factors under 'traditional sufficiency of the evidence review.'" *Moon*, 451 S.W.3d at 47. Under a legal sufficiency challenge, we credit evidence favorable to the challenged finding and disregard contrary evidence unless a reasonable fact finder could not reject the evidence. *Moon v. State*, 410 S.W.3d 366, 371 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28. If there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *Id.* Under a factual sufficiency challenge, we consider all of the evidence presented to determine if the court's finding is so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. *Id.* Notably, our review of the sufficiency of the evidence supporting waiver is limited to the facts the juvenile court expressly relied on in its transfer order. *Moon*, 451 S.W.3d at 50.

If the findings of the juvenile court are supported by legally and factually sufficient proof, then we review the ultimate waiver decision under an abuse of discretion standard. *Id.* at 47. As with any decision that lies within the discretion of the trial court, the salient question is not whether we might have decided the issue differently. *See id.* at 49. Instead, we consider in light of our review of the sufficiency of the evidence whether the juvenile court's decision represents a reasonably principled application of legislative criteria or was essentially arbitrary or made without reference to the statutory criteria for waiver. *Id.* at 47.

## C.    Analysis

The juvenile court's order waiving jurisdiction expressly states that the juvenile court considered the four section 54.02(f) factors, and includes the following findings pertaining to those factors:

> The Court specifically finds that the said **KENDALL BELL** is of sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional rights heretofore waived by the said **KENDALL BELL**, to have aided in the preparation of HIS defense and to be responsible for HIS conduct; that the OFFENSE allege[d] to have been committed WAS against the person of another; and the evidence and reports heretofore presented to the court demonstrate to the court that there is little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of the said **KENDALL BELL** by use of procedures, services, and facilities currently available to the Juvenile Court.

These findings are identical to the findings made by the juvenile court in *Moon*. *See Moon*, 451 S.W.3d at 33; *Moon*, 410 S.W.3d at 372.

8

Even assuming that legally and factually sufficient evidence supports these findings, *Moon* requires us to hold that the juvenile court abused its discretion by waiving jurisdiction. In this case, the juvenile court found that "because of the seriousness of the OFFENSE, the welfare of the community requires criminal proceeding." *See* Tex. FAM. CODE § 54.02(a)(3). Importantly, like in *Moon*, the juvenile court did not rely on Bell's background as basis for its conclusion that the welfare of the community required criminal proceedings. Rather, although section 54.02(a)(3) permits the juvenile court to rely on the background of the child *or* the seriousness of the offense—or both—here, like in *Moon*, the juvenile court relied only on the seriousness of the offense.

The juvenile court was required to make case-specific findings about the offense to show the basis for its conclusion that the welfare of the community required criminal proceedings because of the seriousness of the offense. *See Moon*, 451 S.W.3d at 50 (where juvenile court waives jurisdiction based upon seriousness of the offense, order must contain case-specific findings about the offense). Although the juvenile court expressly stated that it considered the section 54.02(f) factors and made some findings pertaining to them, only one of these findings—that the offense was committed against the person of another—is a case-specific finding about the offense. *See id.* at 48; *see also* TEX. FAM. CODE § 54.02(f). Because the remaining findings do not pertain to the offense, under *Moon*, they are "superfluous"

9

and do not support the juvenile court's conclusion that the welfare of the community requires criminal proceedings because of the seriousness of the offense. *See Moon*, 451 S.W.3d at 48, 51 (only findings pertaining to specifics of offense supported conclusion that seriousness of offense warranted criminal proceedings; "[B]ecause the juvenile court did not cite the appellant's background as a reason for his transfer in its written order, these findings of fact [that are not case-specific findings regarding offense] are superfluous."). The order does not contain any other findings about the offense.

We are required to "limit [our] sufficiency review to the facts that the juvenile court expressly relied upon, as required to be explicitly set out in the juvenile transfer order" and may not "speculate as to the . . . facts the juvenile court found to substantiate" its conclusion that the seriousness of the offense warranted criminal proceedings. *Moon*, 451 S.W.3d at 49–50. A recent case from this Court, *In re K.J.*, 493 S.W.3d 140 (Tex. App.—Houston [1st Dist.] 2016, no pet.), which affirmed waiver by a juvenile court, illustrates the type of case-specific findings that support a transfer made on the basis of seriousness of the offense. In *K.J.*, the juvenile court expressly found certain aspects of the charged robberies particularly egregious. Its findings stated that the juvenile threatened three different complainants, one of whom was 80 years old, with a gun, and each complainant testified that they feared for their lives. *Id.* at 143–44. The juvenile court also found

that the juvenile used the cell phone that he stole from one of the complainants to take pictures of himself displaying gang signs while holding guns. *Id.* at 144.

By contrast, here, the juvenile court made no findings about the charged robbery or Bell's conduct during it. The sole finding that the juvenile court made about the specifics of the offense was that it was against the person of another. *Moon*, 451 S.W.3d at 48–49 (seriousness-of-the-offense reason must be supported by findings regarding "specifics of the particular offense" and not just the type of offense and that it was against the person of another). The Court of Criminal Appeals in *Moon* held that a juvenile court abuses its discretion when it concludes that criminal proceedings are required solely because of the seriousness of the offense when, as here, the only finding about the specifics of the offense is that it was against the person of another. *Id.* at 50 (agreeing with court of appeals' conclusion that waiver of juvenile jurisdiction based solely on seriousness of offense, "fortified only by [finding that offense was against person of another], constitutes an abuse of discretion"); *see also Yado v. State*, No. 01-14-00578-CR, 2015 WL 3982045, at *2 (Tex. App.—Houston [1st Dist.] June 30, 2015, no pet.) (mem. op., not designated for publication) (trial court abused discretion by waiving jurisdiction based solely on seriousness-of-the-offense reason when only finding regarding specifics of offense was that it was against person of another); *Guerrero v. State*, 471 S.W.3d 1, 3 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same);

11

*cf. In re S.G.R.*, 496 S.W.3d 235, 240 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (affirming waiver based upon seriousness of the offense where juvenile court expressly found that juvenile participated in gang-related murder in which 14-year-old child sustained 46 injuries from machete).

The State argues that the juvenile court did not abuse its discretion and the findings are sufficient to support a conclusion that criminal proceedings are required because of the seriousness of the offense. It relies upon *Gentry v. State*, Nos. 01-14-00335-CR & 01-14-00336-CR, 2016 WL 269985 (Tex. App.—Houston [1st Dist.] Jan. 21, 2016, pet. ref'd), *Gonzales v. State*, 467 S.W.3d 595 (Tex. App.—San Antonio 2015, pet. ref'd), and *Rodriguez v. State*, 478 S.W.3d 783 (Tex. App.—San Antonio 2015, pet. ref'd), three post-*Moon* cases that affirmed juvenile courts' waivers of jurisdiction. But the appellate courts in those cases were reviewing orders in which juvenile courts concluded that criminal proceedings were required because of both the seriousness of the offense *and* the background of the child. *See Gentry*, 2016 WL 269985, at *11 (juvenile court expressly found waiver warranted "because of the seriousness of the alleged offenses *and the background of the child*") (emphasis added); *Gonzales*, 467 S.W.3d at 602 (juvenile court expressly found waiver warranted "because of the seriousness of the offense and *the background of Gonzales*") (emphasis added); *Rodriguez*, 478 S.W.3d at 789 (juvenile court expressly found waiver warranted by "seriousness of the offense, *background of the*

12

*child*") (emphasis added); *cf. Moon*, 451 S.W.3d at 51 (if juvenile court waives jurisdiction based solely on seriousness of offense, findings that are not case-specific findings regarding offense are "superfluous"). Therefore, the orders in these cases did not rest solely on the sufficiency of the case-specific findings regarding the particulars of the offense. *See Gentry*, 2016 WL 269985, at *11; *Gonzales*, 467 S.W.3d at 602; *Rodriguez*, 478 S.W.3d at 789; *see also* TEX. FAM. CODE § 54.02(a)(3). Accordingly, these cases are inapposite.

The State also contends that the record supports a finding that the seriousness of Bell's offense warrants criminal proceedings, even if the juvenile court did not make sufficient findings regarding the specifics of the robbery. The *Moon* court expressly rejected the State's argument that the court of appeals could look to the record, independent of explicit findings by the juvenile court, to determine whether the seriousness of the offense warranted criminal proceedings. *See Moon*, 451 S.W.3d at 49–50. It held that we "must limit [our] sufficiency review to the facts that the juvenile court expressly relied upon, as required to be explicitly set out in the juvenile transfer order under Section 54.02(h)." *Id.* at 50. Thus, even though the record in *Moon* "painted a much more graphic picture of the appellant's charged offense"—murder—the juvenile court's order waiving jurisdiction could not be affirmed because it did not expressly recite findings about the specifics of the offense. *See id.* at 48, 50–51. Likewise, here, even though the record paints a more

13

graphic picture of Bell's participation in the aggravated robbery, we may not consider that evidence because the juvenile court made no findings based on that evidence. *See id.* at 50.

Because the juvenile court's only "case-specific" finding regarding the offense was that it was against the person of another, we hold that the juvenile court abused its discretion by waiving jurisdiction solely on the basis that the welfare of the community required criminal proceedings because of the seriousness of the offense. *See id.* at 51 (juvenile court abused discretion by waiving jurisdiction over juvenile charged with murder when waiver order cited only seriousness of the offense as reason for waiver but only finding regarding specifics of offense was that offense was against a person); *Yado*, 2015 WL 3982045, at *2 (trial court abused discretion by waiving jurisdiction based solely on seriousness-of-the-offense reason when only case-specific finding was that offense was against person of another); *Guerrero*, 471 S.W.3d at 3 (same); *see also S.G.R.*, 496 S.W.3d at 240 ("If the juvenile court simply had concluded that the offense was against a person and made no additional findings," waiver of jurisdiction based upon seriousness of the offense would have been an abuse of discretion).

We sustain Bell's first issue.

14

Because we conclude that the juvenile court abused its discretion by waiving jurisdiction, we must vacate the criminal district court's judgment. *See Moon*, 451 S.W.3d at 51. Accordingly, we need not reach Bell's second issue. *See id.*

**Conclusion**

We hold that the juvenile court abused its discretion by waiving jurisdiction and transferring Bell's case to the criminal district court. Accordingly, we vacate the juvenile court's transfer order and the criminal district court's judgment, dismiss the criminal district court case, and remand this case to the juvenile court for further proceedings consistent with this opinion. The case remains "pending in the juvenile court" where "at least one legislatively provided alternative would seem to be for the juvenile court to conduct a new transfer hearing and enter another order transferring Bell to the jurisdiction of the criminal court, assuming that the State can satisfy the criteria under Section 54.02(j) of the Juvenile Justice Code" or another applicable section. *Id.* at 52 n.90; *see* TEX. FAM. CODE § 54.02(j).


Rebeca Huddle
Justice

Panel consists of Justices Keyes, Brown, and Huddle.

Publish. TEX. R. APP. P. 47.2(b).