

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0052-17

**KENDALL BELL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Appellant, age 16, was charged in juvenile court with delinquent conduct based on his participation in an aggravated robbery. In July 2013, the juvenile court waived jurisdiction and transferred the case to the criminal district court. There, appellant pled guilty without an agreed recommendation and the court deferred guilt and placed him on community supervision for 6 years. Just over a year later, the State filed a motion to adjudicate. The court granted the State's motion and adjudicated guilt.

On appeal after appellant's guilt was adjudicated, the court of appeals agreed with appellant that under *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), the juvenile court abused its discretion by waiving jurisdiction without setting forth in its transfer order adequate case-specific findings to support its conclusion. *Bell v. State*, No. 01-15-00510-CR slip op. (Tex. App.–Houston [1st Dist.] Dec. 15, 2016). The court vacated the juvenile court's transfer order and the criminal district court's judgment, dismissed the criminal district court case, and remanded to the juvenile court to conduct a new transfer hearing.

The State has filed a petition for discretionary review challenging appellant's ability to attack his transfer order on appeal from the adjudication of his guilt. The State maintains that a defendant cannot attack the original proceedings on appeal from the order that adjudicated guilt after a revocation of community supervision. *See Davis v. State*, 195 S.W.3d 708 (Tex. Crim. App. 2006); *Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999); TEX. CODE CRIM. PROC. 44.47(b) (repealed effective September 1, 2015, but applicable to appellant's 2013 transfer order). The State's argument suggests that the court of appeals did not have jurisdiction to address the merits of appellant's claim if, indeed, appellant should have raised the issue on appeal from his deferred adjudication order. *See Nix*, 65 S.W.3d at 667 (court of appeals dismissed for want of jurisdiction and this Court affirmed); *Daniels v. State*, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000)(same); *Manuel*, 994 S.W.2d at 660

(same). Jurisdiction is an absolute, systemic requirement that operates independent of preservation of error requirements. *Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013), *cert. denied*, 134 S. Ct. 934 (2014). Appellate courts must review jurisdiction regardless of whether it is raised by the parties. *Skinner v. State*, 484 S.W.3d 434, 436 (Tex. Crim. App. 2016). We agree that the jurisdictional issue should be fully vetted by the court of appeals in the first instance.

We grant ground (1) of the State's petition, vacate the judgment of the court of appeals, and remand this case to that court address its jurisdiction in the first instance.

We refuse grounds (2) and (3) of the State's petition for discretionary review with prejudice.


DELIVERED March 22, 2017
PUBLISH