**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:        Kendall Bell v. The State of Texas

Appellate case number:      01-15-00510-CR

Trial court case number:     1394740

Trial court:               263rd District Court of Harris County

In December 2016, we reversed appellant Kendall Bell's transfer from juvenile court to criminal district court based upon *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014).

In its first ground in its petition for discretionary review to the Court of Criminal Appeals from this panel's opinion, the State raised for the first time a jurisdictional challenge. The Court of Criminal Appeals granted the petition on this ground, vacated this Court's judgment, and remanded the case so that the jurisdictional issue could be "fully vetted . . . in the first instance." *Bell v. State*, – S.W.3d –, No. PD-0052-17, 2017 WL 1067892, at *1 (Tex. Crim. App. March 22, 2017).

Bell had been released on bail while the petition was pending in the Court of Criminal Appeals. But the criminal district court issued an alias capias for Bell's arrest on Friday, May 19, 2017, shortly after the mandate issued from the Court of Criminal Appeals.

Bell has filed a motion asking this Court to set bail under article 44.04(h) of the Code of Criminal Procedure and a separate motion to stay the alias capias. However, article 44.04(h) permits us to set bail only when a conviction is reversed and a petition has not yet been filed with the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 44.4(h). Our judgment has been vacated and thus Bell's conviction has been reinstated. Accordingly, we do not have authority to set bail at this time.

We therefore **deny** Bell's Motion for $50,000 Bail and his Motion for Stay of Alias Capias.

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle

            ☐ Acting individually    ☑ Acting for the Court

Panel consists of Justices Keyes, Brown, and Huddle.
Date: May 23, 2017