**IN RE Kendall BELL, Relator**

**NO. 01-17-00373-CR**

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued June 13, 2017

Cheri Duncan, Assistant Public Defender, Houston, TX 77002, for Relator.

Kim Ogg, District Attorney—Harris County, 1201 Franklin, Suite 600, Houston, TX 77002, Jessica Caird, Assistant District Attorney, Harris County, Texas, 1201 Franklin, Suite 600, Houston, TX 77002, for real party in interest.

Panel consists of Justices Keyes, Brown, and Huddle.

## OPINION

Rebeca Huddle, Justice

Relator, Kendall Bell, has filed a petition for writ of mandamus challenging the trial court's issuance of alias capias and setting of no bail.[1]

---

1. The underlying case is *State of Texas v. Kendall Bell*, cause number 1394740, pending in the 263rd District Court of Harris County, Texas, the Honorable Jim Wallace presiding.

In December 2016, this Court reversed Bell's transfer from juvenile court to criminal district court based upon *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014). *Bell v. State*, 512 S.W.3d 553, 560 (Tex. App.—Houston [1st Dist.] 2016), *rev'd*, 515 S.W.3d 900 (Tex. Crim. App. 2017). In its first ground in its petition for discretionary review to the Court of Criminal Appeals from this Court's opinion, the State raised a jurisdictional challenge for the first time. The Court of Criminal Appeals granted the petition on this ground, vacated this Court's judgment, and remanded the case so that the jurisdictional issue could be "fully vetted . . . in the first instance." *Bell*, 515 S.W.3d at 901.

Bell had been released on bail while the petition was pending in the Court of Criminal Appeals. But the criminal district court issued an alias capias for Bell's arrest shortly after the mandate issued from the Court of Criminal Appeals. Bell filed a motion in his appeal asking this Court to set bail under article 44.04(h) of the Code of Criminal Procedure and a separate motion to stay the alias capias.

However, article 44.04(h) permits this court to set bail only when a conviction is reversed and a petition has not yet been filed with the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 44.04(h). Moreover, under article 44.04, after conviction and pending determination of an appeal, the trial court is empowered to increase or decrease the amount of bail, either on its own motion or the motion of any party. *See id.* 44.04(d). Further, because our judgment has been vacated and Bell's conviction has thus been reinstated, he may not be released on bail under the express terms of article 44.04(b) of the Code of Criminal Procedure, which provides that a defendant may not be released on bail pending the appeal from, among other things, a felony conviction for aggra-

vated robbery, Bell's convicted offense. *See id.* 44.04(b). Accordingly, we denied the motions.

Bell has now filed this petition for writ of mandamus contending that the trial court did not have jurisdiction to issue the alias capias and set no bail. Bell argues that the trial court's actions violate Texas Rule of Appellate Procedure 25.2(g), which provides that all trial court proceedings are suspended once the record is filed in the appellate court except those permitted by law or rules:

> *Effect of Appeal.* Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate.

TEX. R. APP. P. 25.2(g). However, Bell does not address the fact that article 44.04 permits the trial court to alter bail while an appeal is pending. *See* TEX. CODE CRIM. PROC. art. 44.04(d). Nor does he address the fact that, because his conviction was reinstated upon issuance of the mandate from the Court of Criminal Appeals, article 44.04(b) required him to be "immediately . . . placed in custody" by the trial court. *See* TEX. CODE CRIM. PROC. art. 44.04(b) (defendant convicted of felony aggravated robbery may not be released on bail pending appeal and must be taken into custody). In short, there is no support for Bell's claim that the trial court's actions violated Rule 25.2(g).

## Conclusion

We deny the petition for writ of mandamus. Any pending motions are dismissed as moot.