**Opinion issued June 28, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-17-00085-CR**
**NO. 01-17-00086-CR**

———————————

**DOMINIQUE DONTRAY GIDDENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case Nos. 12-DCR-060594 and 10-DCR-055931**

---

## MEMORANDUM OPINION

Appellant, Dominique Dontray Giddens, pleaded guilty, with an agreed

punishment recommendation from the State, to the offenses of aggravated sexual

assault of a child[1] and indecency with a child.[2]  The trial court deferred adjudication of his guilt and placed him on community supervision for ten years in each offense. The State, alleging numerous violations of the conditions of his community supervision, subsequently moved to adjudicate appellant's guilt in each offense. After a hearing, the trial court found several allegations true, found appellant guilty of both offenses, and assessed his punishment at confinement for ten years for the offense of aggravated sexual assault of a child and for five years for the offense of indecency with a child.  In two issues, appellant contends that the trial court erred in not ordering an examination of his competence to stand trial and omitting from the judgment certain statutorily required recitations.[3]

We affirm.

## Background

In 2012, at commencement of the plea proceedings in the underlying cases, appellant's counsel filed motions suggesting that appellant may be incompetent to stand trial and a request for examination.  The following discussion took place:

> [Defense Counsel]:   In these recent days, I've noticed that [appellant has] become more irrational.  He has these tendencies to engage in what I would describe

---

[1]  *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2017); trial court case number 12-DCR-060594; appellate cause number 01-17-00085-CR.

[2]  *See id.* § 21.11(a)(1) (West Supp. 2017); trial court case number 10-DCR-055931; appellate cause number 01-17-00086-CR.

[3]  *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(19), (26) (West 2018).

[as] irrational thinking. I don't think he understands the consequences of his decisions, and I think he lacks the capacity to make reasoned choices.

Furthermore, there's a—a barrier with him remembering certain details, which I think is necessary in order to adequately prepare his defense. And I think that based on yesterday's events, I think that there's a strong likelihood the defendant may be incompetent.

THE COURT: Could you further explain these barriers that you're talking about? And when did they first appear?

[Defense Counsel]: Well, this weekend at the jail when we were discussing different events, I provided him with an outline, trying to narrow down specific dates. He could not recall dates. He could not recall the order of the events in which things transpired. He was in and out of the household. Could not recall the dates in which he was in and out, which is very relevant to this case.

Furthermore, there have been some attempts prior to him being in custody where we were to meet at our office, and I was unable to meet with him, and I think that's more evidence that he may not be fully competent.

THE COURT: Explain, please.

[Defense Counsel]: Well, I think that, you know, if he were fully comprehending the gravity of the situation, that he would be vigilant in his attempts to try to prepare his defense, and I think that's what I have noticed is that the defendant has always had sort of a flat affect, very stoic, not very talkative. I initially just attributed that to personality, but after yesterday, I think that that may be consistent with a mental illness.

3

| | |
|---|---|
| THE COURT: | [Counsel], there are two cases involving [appellant]. The first case was filed on November 22nd, 2010; the second one, on June 18th, 2012. You have been representing him throughout the entirety of the time. Have you been able to communicate with him through that period? |
| [Defense Counsel]: | I would say partially. . . . For a long time, I had no way of communicating with him because he did not have a phone, did not have an address, so my ability to speak to him was limited to when we came to court, so a lot of that time, I did not have sufficient communication with him. Since he's been in jail, I've spent more time with him, and I've noticed this pattern. |
| . . . . | |
| THE COURT: | The most recent events you referred to occurred yesterday, am I correct? |
| [Defense Counsel]: | Correct. |
| THE COURT: | And that's when you and the State and [appellant] were discussing a resolution of this case; and the State had made an offer; and at least when the docket began in the morning, the announcement was he was going to take the offer. As the day wore on, a lot of—more discussions ensued, resulting in, at 4:00 o'clock that afternoon, he rejected the offer; is that correct? |
| [Defense Counsel]: | And that's correct, your Honor. |
| THE COURT: | But prior to that time, you were ready to go forward with entering a plea for him and were confident that he was competent enough to understand what he was entering into and the ability to take a plea in this case; is that correct? |
| [Defense Counsel]: | I had some reservations, and I had discussed that with the State prior to that. You know, I wanted to attribute it—some of it to typical defendant |

4

|  | behavior; but after the State's offer, which what I thought was exceedingly lenient, and his vacillation with it, I thought that that was quite bizarre and inconsistent with someone who really understood the gravity of the situation. |
|---|---|
| THE COURT: | You've been practicing a long time, [Counsel]. This is not the first defendant who's had rather bizarre responses to plea offers, is it? |
| [Defense Counsel]: | Well, this is the most bizarre I've ever seen. . . . |

. . .

|  | And if I may add, your Honor, the defendant's appearance—I've requested that he cut his hair. . . . The other thing is that his behavior, his lifestyle of being in and out, homeless from time to time, I think is also consistent with behavior of people with mental illness. |
|---|---|
| THE COURT: | [Appellant], you've listened to everything that's happened this morning concerning your mental capacity, and the concern your lawyer has and I have is whether you fully understand what's going on today. What's your response? |
| [Appellant]: | I understand, and I—I believe I'm competent. He's just—I don't know. I'm not taking a plea because I didn't do it. That's—That's the basic reason I'm not taking it. |
| THE COURT: | All right. Motion denied. |

After a recess, appellant pleaded guilty to each offense, in exchange for the State's recommendation as to punishment. During the plea proceedings, appellant affirmed, in response to the trial court's questions, that he understood the charges against him and the range of punishment for each; that he had reviewed the written admonishments with his counsel and understood them; that he understood the

5

proceedings and accepted the State's recommendations as to punishment; and that he had voluntarily chosen to enter his pleas. In each case, the trial court deferred adjudication of appellant's guilt and placed him on community supervision for a period of ten years, subject to certain terms and conditions. Appellant did not appeal.

In 2017, the State filed motions to adjudicate appellant's guilt in both offenses. At the hearing on the motions, appellant stated that he understood the State's allegations and waived the reading of those allegations into the record. He further stated that he understood the range of punishment for each offense. He pleaded "true" to the State's allegations that he violated the terms of his community supervision in each case. Appellant testified that he committed a new offense and did not report to his community supervision officer, did not register as a sex offender, did not maintain employment, and did not complete his court-ordered community service. The State asked the trial court to consider the pre-sentence investigation ("PSI") report in its file, as amended that morning. Appellant stated that he had no objection.

After the hearing, the trial court found that appellant had committed approximately 18 violations of the terms and conditions of his community supervision in each case, adjudicated appellant guilty of each offense, and sentenced him to confinement for ten years for the offense of aggravated sexual assault of a child and five years for the offense of indecency with a child.

**Competency**

In his first issue, appellant argues that the trial erred in not ordering an examination of his competency in the original trial because the record "raised some evidence that [he] may have been incompetent to stand trial." *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005(a) (West 2018).

"A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013). "'[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense, may not be subjected to trial.'" *Id.* at 688–89 (quoting *Drope v. Missouri*, 420 U.S. 162, 171, 95 S. Ct. 896, 903 (1975)). Thus, a defendant is incompetent to stand trial if he does not have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational, as well as factual, understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a).

Either party may suggest by motion, or a trial court may suggest on its own motion, that a defendant may be incompetent to stand trial. *Id.* art. 46B.004(a). A suggestion of incompetence "may consist solely of a representation from any credible source." *Id.* art. 46B.004(c-1). "A further evidentiary showing is not required to initiate the inquiry, and [a] court is not required to have a bona fide doubt

7

about the competency of [a] defendant." *Id.* "Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003." *Id.* The factors include whether the defendant can: "(A) rationally understand the charges against [him] and the potential consequences of the pending criminal proceedings; (B) disclose to counsel pertinent facts, events, and states of mind; (C) engage in a reasoned choice of legal strategies and options; (D) understand the adversarial nature of criminal proceedings; (E) exhibit appropriate courtroom behavior; and (F) testify." *Id.* art. 46B.024(1).

*If*, after its informal inquiry, the trial court determines that evidence exists to support a finding of incompetency, *then* the trial court shall appoint an expert to examine the defendant and shall hold a formal competency trial to determine whether the defendant is incompetent to stand trial. *See id.* arts. 46B.005, 46B.021(b); *Turner*, 422 S.W.3d at 692.

We review challenges to a trial court's finding following an informal competency inquiry for an abuse of discretion. *See Luna v. State*, 268 S.W.3d 594, 600 (Tex. Crim. App. 2008); *Thomas v. State*, 312 S.W.3d 732, 736–37 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). A trial court's first-hand factual

8

assessment of a defendant's competency is entitled to great deference on appeal. *Ross v. State*, 133 S.W.3d 618, 627 (Tex. Crim. App. 2004).

### *Jurisdiction*

As a preliminary matter, the State asserts that this Court lacks jurisdiction to consider appellant's competency in the 2012 trial because this appeal is limited to issues arising from the 2017 revocation and adjudication proceeding.

It is well-established that a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication probation is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Such issues may not be raised in an appeal from an order revoking probation and adjudicating guilt. *Id*.; *see also Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) ("We made clear in *Manuel* . . . that those issues that an appellant can raise in a direct appeal from the initial judgment must be raised, and that failing to do so results in procedural default.").

There are two exceptions: the "void judgment exception" and the "habeas corpus exception." *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *see also Bell v. State*, 515 S.W.3d 900, 901 (Tex. Crim. App. 2017) (applying *Nix*). The void judgment exception applies in "rare situations" in which the trial court lacked power to render the judgment. *Nix*, 65 S.W.3d at 667. A judgment of

conviction is void if: (1) the charging instrument did not satisfy the constitutional requisites; (2) the trial court did not have subject matter jurisdiction over the offense; (3) there was no evidence to support the conviction; or (4) counsel was not appointed for an indigent defendant who had not waived the right to counsel. *Id.* at 668. The Court of Criminal Appeals has stated, "While we hesitate to call this an exclusive list, it is very nearly so." *Id.* Pursuant to the habeas corpus exception, an appellate court must consider the merits of issues raised in a petition for writ of habeas corpus before community supervision was revoked if the issues are cognizable by a writ of habeas corpus and if the defendant attempted to litigate the issues at the revocation hearing. *Id.* at 669–70. Appellant has not established that either of these exceptions apply. Notably, even a meritorious claim that a defendant's plea was involuntary does not render a judgment void. *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001).

Here, appellant was required to raise his challenge to the trial court's ruling on his suggestion of incompetency in an appeal from the orders of deferred adjudication. *See, e.g.*, *Vasbinder v. State*, No. 04-16-00696-CR, 2017 WL 3880108, at *2 (Tex. App.—San Antonio Sept. 6, 2017, no pet.) (holding defendant could not, in appeal from judgment revoking community supervision and adjudicating guilt, raise issue that trial court erred in not conducting formal competency trial in underlying proceeding). We hold that we are without jurisdiction

10

to consider issues related to the original plea proceedings in this appeal from the judgments adjudicating guilt. *See Bell*, 515 S.W.3d at 901; *Riles*, 452 S.W.3d at 338; *Manuel*, 994 S.W.2d at 661–62; *see also Vasbinder*, 2017 WL 3880108, at *2.

**Article 42.01 Recitals**

In his second issue, appellant argues that the trial court's judgments adjudicating his guilt are "voidable" because they do not contain the recitals required by Texas Code of Criminal Procedure article 42.01, section 1, (19) and (26). *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(19), (26) (West 2018). He complains that the trial court's judgment does not include whether his sentences are to run consecutively or concurrently and does not include that the PSI "was done according to 'the applicable provision' in the Code."

Article 42.01, section 1 (19), provides that a trial court's judgment must contain:

> The terms of ***any*** order entered pursuant to Article 42.08 that the defendant's sentence is to run cumulatively or concurrently with another sentence or sentences[.]

*Id.* art. 42.01 § 1(19) (emphasis added). Article 42.08 provides that when the same defendant is convicted in two or more cases, a trial court may order that his sentences run either cumulatively (consecutively) or concurrently:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. [With inapplicable exceptions], in the discretion of the court, the judgment in the second

11

and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years . . . .

*Id.* art. 42.08 (West 2018). The Texas Court of Criminal Appeals has "long held that '[w]here the court does not order that two or more sentences in different prosecutions shall be cumulative as permitted by Article 42.08[ ], the terms of imprisonment automatically run concurrently." *Moore v. State*, 371 S.W.3d 221, 228 (Tex. Crim. App. 2012) (quoting *Ex parte Reynolds*, 462 S.W.2d 605, 606 n.1 (Tex. Crim. App. 1970)); *see also Jagaroo v. State*, 180 S.W.3d 793, 801 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) ("When a defendant is sentenced on the same day in several causes, the sentences run concurrently unless the trial court, by order, expressly makes cumulative the several punishments.").

Here, the record does not show, and appellant does not assert, that the trial court entered an order making his sentences cumulative. It is undisputed that the trial court's oral pronouncements are consistent with the written judgments. Because nothing suggests that the trial court entered a cumulation order, there is nothing for this Court to address or reform. *See Jagaroo*, 180 S.W.3d at 802. Rather, the terms of appellant's imprisonment "automatically run concurrently." *See Moore*, 371 S.W.3d at 228.

Next, article 42.01, section 1 (26), provides that a trial court's judgment must reflect:

> *In the event that a [PSI] **is required*** by Subchapter F, Chapter 42A, a statement that the [PSI] was done according to the applicable provision.

TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(26) (emphasis added). Chapter 42A, Subchapter F, "Presentence and Postsentence Reports and Evaluations," provides in pertinent part:

> (a) Except as provided by Subsection[] . . . (c), before the imposition of the sentence by a judge, the judge shall direct a supervision officer to prepare a presentence report for the judge.
> . . . .
> (c) The judge is ***not required*** to direct a supervision officer to prepare a presentence report in a felony case if:
>> . . . .
>> (3)  the only available punishment is imprisonment; . . .
>> . . . .

*Id.* art. 42A.252 (emphasis added).

Here, the trial court adjudicated appellant guilty of the offenses of indecency with a child and aggravated sexual assault of a child. *See* TEX. PENAL CODE. ANN. §§ 21.11(a)(1), 22.021 (West Supp. 2017). A trial court may not place a defendant adjudged guilty of the offenses of indecency with a child or aggravated sexual assault of a child, under Penal Code sections 21.11(a)(1) or 22.021, on community supervision. TEX. CODE CRIM. PROC. ANN. art. 42A.054(a)(6), (8) (West 2018); *see also Jimenez v. State*, 446 S.W.3d 544, 550–51 (Tex. App.—Houston [1st Dist.]

2014, no pet.). Because, here, imprisonment was the only punishment option with respect to both offenses, a PSI was not "required by Subchapter F, Chapter 42A." *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(26). Accordingly, the trial court was not required, under article 42.01, to include a statement in its judgments that the PSI "was done according to the applicable provision." *See id*.

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).