**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-00510-CR**

———————————

**KENDALL BELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1394740**

## O P I N I O N *

When Kendall Bell was 16, the State filed a petition in a Harris County

juvenile court alleging that he had engaged in delinquent conduct by committing

---

\* We issued our original opinion in this case on June 28, 2018. The State filed a
motion for en banc reconsideration. The unanimous court has voted to deny the

aggravated robbery with a deadly weapon. On the State's motion, the juvenile court concluded that, because of the seriousness of Bell's offense, the welfare of the community required criminal proceedings. The juvenile court waived its jurisdiction and transferred the case to criminal district court, where Bell pleaded guilty without an agreed recommendation. The criminal district court deferred a finding of guilt and placed him on community supervision for six years. The State later moved to adjudicate, alleging that Bell had violated the terms of his supervision. Following a hearing, the district court granted the motion, found Bell guilty, and sentenced him to 20 years' imprisonment.

On appeal, Bell contended that, under *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), the juvenile court abused its discretion by waiving jurisdiction without making sufficient case-specific findings supporting its conclusion that the welfare of the community required criminal proceedings. Our Court agreed that the juvenile court did not provide sufficient case-specific findings, vacated the district court's judgment, dismissed the criminal case, and remanded to the juvenile court for further proceedings.

The State filed a petition with the Court of Criminal Appeals, arguing for the first time that this Court lacked jurisdiction to hear Bell's complaint because he did

motion for en banc reconsideration. We nevertheless withdraw the opinion of June 28, 2018, and we issue this opinion in its stead. The disposition remains the same.

not contest the juvenile transfer when the trial court entered its order of deferred adjudication. The Court of Criminal Appeals remanded the case so that we could consider the jurisdictional issue in the first instance. *Bell v. State*, 515 S.W.3d 900 (Tex. Crim. App. 2017) (per curiam).

We conclude that we have jurisdiction to hear Bell's complaint. The Court of Criminal Appeals refused with prejudice the State's petition for discretionary review as to the remaining issues in the case. *See id*. We therefore adopt this court's prior opinion, *Bell v. State*, 512 S.W.3d 553 (Tex. App.—Houston [1st Dist.] 2016).

## Background

### *Juvenile court's waiver of jurisdiction*

The State asked the juvenile court to waive jurisdiction. At the hearing on the State's motion, the juvenile court admitted three exhibits: proof that Bell had been served, a stipulation of Bell's birth date, and a probation report. The juvenile court also heard testimony from three witnesses, including Deputy A. Alanis of the Harris County Sheriff's Office.

After the hearing, the juvenile court waived jurisdiction and transferred the case to the criminal district court. The juvenile court concluded that, because of the seriousness of Bell's offense, the welfare of the community required criminal proceedings.

*Proceedings in the criminal district court*

In the criminal district court, Bell pleaded guilty without an agreed recommendation. The court entered an order of deferred adjudication, deferred a finding of guilt, and placed Bell on community supervision for six years. The State later moved to adjudicate, alleging that Bell had violated the terms of his supervision. In May 2015, the district court granted the motion, found Bell guilty of aggravated robbery, and sentenced Bell to 20 years' imprisonment. Bell appealed.

## Jurisdiction

We consider the State's new argument that this Court lacks jurisdiction to hear Bell's complaint about the juvenile transfer because he did not raise his challenge when the trial court entered its order of deferred adjudication.

## A.    Standard of Review

Jurisdiction is an absolute, systemic requirement that operates independently of preservation of error requirements. *Henson v. State*, 407 S.W.3d 764, 767–68 (Tex. Crim. App. 2013). Whether we have jurisdiction is a question of law that we review de novo.

We also review issues of statutory construction de novo. *Cary v. State*, 507 S.W.3d 750, 756 (Tex. Crim. App. 2016). In interpreting statutes, the text is paramount. We focus our analysis on the plain text of the statute and "attempt to discern the fair, objective meaning of that text at the time of its enactment." *Prichard*

4

*v. State*, 533 S.W.3d 315, 319 (Tex. Crim. App. 2017) (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)).

**B. Analysis**

Bell's appeal of the juvenile court's transfer order is governed by now-repealed article 44.47 of the Code of Criminal Procedure, "Appeal of transfer from juvenile court."

Article 44.47 provided in relevant part:

(a) A defendant may appeal an order of a juvenile court certifying the defendant to stand trial as an adult and transferring the defendant to a criminal court under Section 54.02, Family Code.

(b) A defendant may appeal a transfer under Subsection (a) only in conjunction with the appeal of a conviction of or an order of deferred adjudication for the offense for which the defendant was transferred to criminal court.[1]

Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 85, 1995 Tex. Gen. Laws 2577, 2584 (adding former TEX. CODE CRIM. PROC. art. 44.47), *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 283, § 30, 2003 Tex. Gen. Laws 1221, 1234–35 (amending TEX. CODE CRIM. PROC. art. 44.47(b)) (hereinafter "TEX. CODE CRIM. PROC. art. 44.47").

---

[1] The Legislature repealed article 44.47 of the Code of Criminal Procedure effective September 1, 2015, but it stated that "[a]n order of a juvenile court waiving jurisdiction and transferring a child to criminal court that is issued before the effective date of this Act is governed by the law in effect on the date the order was issued." Act of May 12, 2015, 84th Leg., R.S., ch. 74, §§ 4–6, 2015 Tex. Gen. Laws 1065, 1066. Bell's transfer order (dated July 11, 2013) was issued before September 1, 2015.

Article 44.47 is straightforward. It applies to an appeal of a transfer from juvenile court. And it provides that a defendant may, as here, appeal a transfer from juvenile court "in conjunction with the appeal of a conviction . . . or an order of deferred adjudication . . . ." *Id.* The statute uses the disjunctive "or." Its plain meaning, therefore, is that a defendant transferred to adult court may appeal the transfer when appealing either a conviction *or* an order of deferred adjudication. Because Bell appealed the transfer when appealing his conviction, we have jurisdiction over the appeal.

The State challenges our jurisdiction, contending that Bell should have attacked the transfer order in an appeal from his 2013 order of deferred adjudication. According to the State, because Bell did not do so—and instead waited to attack the transfer order on appeal from his conviction—he waived his right to challenge the transfer order.

The statute does not support the State's argument. The statute simply states that a defendant may challenge a juvenile transfer on appeal from a conviction or an order of deferred adjudication. It does not require a defendant to challenge the transfer at the first opportunity—on the earlier of a conviction or deferred adjudication. Nor does the statute otherwise limit one's ability to challenge a transfer order on appeal from a conviction. It provides, without limitation, two options for when one can challenge a juvenile transfer.

The State points us to *Eyhorn v. State*, 378 S.W.3d 507 (Tex. App.—Amarillo 2012, no pet.), where the Amarillo Court of Appeals concluded that the defendant waived his right to challenge the juvenile transfer by not appealing his order of deferred adjudication and instead challenging the juvenile transfer later, on appeal from his conviction. That case is not binding on us, and we are unpersuaded by its reasoning. There, the court noted the general rule in criminal cases that non-jurisdictional complaints that arise before an order of deferred adjudication must be raised on appeal of that order or are waived. *Id.* at 509–10. The *Eyhorn* court then stated, "We see no logical reason why art. 44.47(b) should be read as jettisoning that rule simply because the accused was initially subject to being tried as a juvenile." *Id.* at 510. We respectfully disagree in light of the statutory text. Article 44.47 gives a defendant the right to challenge his transfer on appeal of a conviction "or" an order of deferred adjudication. TEX. CODE CRIM. PROC. art. 44.47(b). The statute could have limited the ability to appeal in conformance with this background principle. But the Legislature did not do so.[2]

---

[2] We are likewise unpersuaded by *Felix v. State*, No. 09-14-00363-CR, 2016 WL 1468931, at *1 (Tex. App.—Beaumont Apr. 13, 2016, pet. ref'd) (mem. op., not designated for publication), and *Wells v. State*, No. 12-17-00003-CR, 2017 WL 3405317, at *2 (Tex. App.—Tyler Aug. 9, 2017) (mem. op., not designated for publication), which followed *Eyhorn's* reasoning.

For the same reasons, we reject the State's contention that this case is governed by *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). *Manuel* established the background rule (not specific to juvenile transfers) concerning appeals of deferred adjudications, stating: "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Id.* This is the background rule on which *Eyhorn* relied. And this background rule would apply in the absence of a statute providing to the contrary. But here, article 44.47—entitled "Appeal of transfer from juvenile court"—expressly and specifically addresses when one can appeal a transfer to criminal court from juvenile court, and it says the defendant can appeal the transfer with either his conviction *or* deferred adjudication. The statute's terms are clear and make no exception for this background rule. To read the statute to comport with the background rule (and to thus require a defendant to appeal upon deferred adjudication, not conviction) would require us to rewrite this specifically-applicable statute. We can do no such thing. *See, e.g.*, *Vandyke v. State*, 538 S.W.3d 561, 569 (Tex. Crim. App. 2017).

We also disagree with the argument that this case is governed by article 4.18 of the Code of Criminal Procedure ("Claim of underage"), which imposes a procedural requirement that was not met in this case. By its own terms, article 4.18

8

expressly excludes from its application "a claim of a defect or error in a discretionary transfer proceeding in juvenile court." TEX. CODE CRIM. PROC. art. 4.18(g); *see also* ROBERT O. DAWSON, TEXAS JUVENILE LAW, 534 (Nydia D. Thomas et al. eds., 8th ed. 2012).

Moreover, when article 4.18 does apply (when one is not alleging a defect or error in a discretionary transfer proceeding), its application is limited. It provides:

> A claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court **and that the juvenile court could not waive jurisdiction under Section 8.07(a), Penal Code, or did not waive jurisdiction under Section 8.07(b), Penal Code**, must be made by written motion in bar of prosecution filed with the court in which criminal charges against the person are filed.

TEX. CODE CRIM. PROC. art. 4.18(a) (emphasis added). In simple terms, article 4.18 applies in only two scenarios: (1) when a party asserts that the district court lacks jurisdiction because the juvenile court could not waive jurisdiction because the defendant was under 15 (and the case did not involve certain offenses not at issue here) (8.07(a)), or (2) when the party asserts that the district court lacks jurisdiction because the juvenile court did not waive jurisdiction and the person is under 17 (8.07(b)). TEX. PENAL CODE § 8.07(a), (b).[3] This case presents neither of those scenarios.

---

[3] Section 8.07 of the Penal Code states that (a) "[a] person may not be prosecuted for or convicted of any offense that the person committed when younger than 15 years of age except" for certain offenses and that, (b) "[u]nless the juvenile court waives

9

Bell makes no argument that the district court lacks jurisdiction because the juvenile court could not waive jurisdiction under Penal Code section 8.07(a). And he makes no argument that the juvenile court did not waive jurisdiction under Penal Code section 8.07(b). *See* TEX. CODE CRIM. PROC. art. 4.18(a). Indeed, Bell does not argue that he was under 15 and thus could not be tried as an adult or that he was under 17 and no juvenile court waived jurisdiction over him[4]—the challenges contemplated by the plain terms of article 4.18. *See id.*

jurisdiction under Section 54.02, Family Code . . . a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age except an offense described by Subsections (a)(1)–(5)."

[4]   *Cf. Cordary v. State*, 596 S.W.2d 889, 891 (Tex. Crim. App. [Panel Op.] 1980) ("[A]s appellant was never transferred from the juvenile court to the district court as required by Article 2338-1, Section 6 and Article 30, V.A.P.C., she was never made subject to the jurisdiction of the district court."); *Ex parte Trahan*, 591 S.W.2d 837, 842 (Tex. Crim. App. 1979) ("He was indicted . . . at age 16, without being transferred from the juvenile court or provided with an examining trial. . . . The transfer procedure was not followed in this case . . . ."); *Reyes v. State*, No. 01-98-00507-CR, 1999 WL 182579, at *1 (Tex. App.—Houston [1st Dist.] Apr. 1, 1999, no pet.) (mem. op.; not designated for publication) (rejecting challenge under 8.07(b) because the juvenile court did waive jurisdiction).

The State points us to *Mays v. State*, No. 01-03-01345-CR, 2005 WL 1189676, at *1 (Tex. App.—Houston [1st Dist.] May 19, 2005, no pet.) (mem. op.; not designated for publication). But article 4.18 squarely applied there. In *Mays*, a juvenile court waived jurisdiction in one cause number, the criminal court assumed jurisdiction over Mays in a different cause number, and Mays argued, with regard to the case in adult court, that no juvenile court waived jurisdiction over him in that cause number. *Id.*; *cf. Delacerda*, 425 S.W.3d at 379–80 ("[W]hen a defendant challenges the district court's jurisdiction due to an allegedly defective order assuming jurisdiction the defendant need not object via written motion [under article 4.18] before jury selection begins to preserve his complaint for appellate review.").

10

To the contrary, Bell is arguing that the juvenile court waived jurisdiction but abused its discretion by doing so and transferring the case to district court without making adequate case-specific findings in the transfer order. On these facts, article 4.18's plain terms render it inapplicable. *See id.* 4.18(a), (g); *Delacerda v. State*, 425 S.W.3d 367, 379 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (Article 4.18 did not apply where defendant did not raise challenge based on Texas Penal Code section 8.07(a) or (b)).[5]

Unlike article 4.18, which excludes from its application claims of defects or errors in transfer proceedings, article 44.47 expressly applies to an "appeal [of] an order of a juvenile court certifying the defendant to stand trial as an adult and transferring the defendant to a criminal court under Section 54.02, Family Code." TEX. CODE CRIM. PROC. art. 44.47(a). That is what we face.

Article 44.47 controls and provides us jurisdiction to hear Bell's challenge.

---

[5]    *See also Ex parte Waggoner*, 61 S.W.3d 429, 431 n.2, 432 (Tex. Crim. App. 2001) (referencing *Light v. State*, 993 S.W.2d 740, 747 (Tex. App.—Austin 1999), for "further discussion" of the statutory scheme); *Light*, 993 S.W.2d at 747 ("A careful reading shows that article 4.18 is expressly limited to situations where the juvenile court could not waive jurisdiction under section 8.07(a) of the Penal Code or did not waive jurisdiction under section 8.07(b) of the Penal Code . . . ."), *vacated on other grounds*, 15 S.W.3d 104 (Tex. Crim. App. 2000) (per curiam).

## Conclusion

We conclude that our Court possesses jurisdiction over this case. As to the remaining issues at stake, we adopt this Court's prior opinion, available at *Bell v. State*, 512 S.W.3d 553 (Tex. App.—Houston [1st Dist.] 2016).


Jennifer Caughey
Justice

Panel consists of Justices Keyes, Brown, and Caughey.

Publish. TEX. R. APP. P. 47.2(b).