

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1383-18

### KENDALL BELL, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**PER CURIAM.**

# O P I N I O N

In 2013, when he was sixteen years old, Appellant was charged with delinquent conduct in juvenile court for his participation in an aggravated robbery. After a hearing, the juvenile court signed an order waiving its exclusive jurisdiction and transferring Appellant to district court for adult criminal proceedings. *See* TEX. FAM. CODE § 54.02(a).

Appellant subsequently pleaded guilty and was placed on six years of deferred adjudication community supervision.

In 2015, Appellant's community supervision was revoked and he was adjudicated guilty. In his appeal from the adjudication of his guilt, Appellant raised a challenge to the juvenile court's transfer order based on this Court's decision in *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014) (holding that juvenile court's order transferring juvenile to adult criminal court must contain case-specific factual findings in support of the decision to transfer). The court of appeals sustained Appellant's complaint that his transfer order was invalid under *Moon,* vacated the conviction, and remanded the case to the juvenile court for further proceedings. *Bell v. State*, 512 S.W.3d 553, 559-60 (Tex. App.—Houston [1st Dist.] 2016).

The State filed a petition for discretionary review in which it contended, among other things,[1] that the court of appeals lacked jurisdiction to consider Appellant's *Moon* challenge on appeal from the adjudication of his guilt following revocation of community supervision. We granted review of this jurisdictional issue, and because the court of appeals had not considered it, we vacated the court of appeals' judgment and remanded the case for the court of appeals to consider that issue in the first instance. *Bell v. State*, 515 S.W.3d 900, 901 (Tex. Crim. App. 2017) (per curiam).

---

[1] The State also raised two other grounds in which it contended: (1) that the court of appeals misinterpreted *Moon* and thus erroneously held that the transfer order in this case was deficient, and (2) that *Moon* should be reexamined. We refused review of these additional grounds.

On remand, the court of appeals concluded that it had jurisdiction to consider Appellant's *Moon* challenge. *Bell v. State*, 569 S.W.3d 241, 247 (Tex. App.—Houston [1st Dist.] 2018) (substitute op.). It then adopted its prior holding finding the transfer order defective, vacating the conviction, and remanding the case to the juvenile court. *Id.* at 243, 247. The State again petitioned for discretionary review, and we granted the State's petition to consider whether the court of appeals correctly held that it had jurisdiction to consider Appellant's challenge to his transfer order at this procedural juncture.

Since granting the State's petition, this Court issued its opinion in *Ex parte Thomas*, No. WR-89,128-01, 2021 WL 1204352 (Tex. Crim. App. Mar. 31, 2021). In *Thomas*, we expressly disavowed *Moon* and rejected its rule requiring that case-specific findings be included in a juvenile court's transfer order. *Id.* at *7-8. The court of appeals did not have the benefit of *Thomas* when it issued its opinion in this case. Therefore, we vacate the court of appeals' judgment and remand the case to that court for further consideration and disposition of Appellant's issues in a manner consistent with *Thomas*.

Delivered: June 30, 2021

Do Not Publish