

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00809-CR

**IN RE** Jose Luis **AGUILAR-HERNANDEZ**

Original Proceeding[1]

PER CURIAM

Sitting:  Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: October 4, 2023

PETITION FOR WRIT OF MANDAMUS DENIED

Relator, Jose Luis Aguilar-Hernandez, is a noncitizen arrested pursuant to Operation Lone Star. On November 17, 2022, Relator filed an application for writ of habeas corpus seeking to dismiss and discharge his underlying criminal case because, Relator contends, his charges violate equal protection principles.

After the trial court set Relator's case for a pretrial hearing without ruling on his habeas application, Relator filed a petition for writ of mandamus seeking an order from this court compelling the trial court to act. On August 2, 2023, we conditionally granted mandamus relief and ordered the trial court to rule on Relator's habeas application. *See In re Aguilar Hernandez*,

---

[1] This proceeding arises out of Cause No. 11379CR, styled *State of Texas v. Jose Luis Aguilar-Hernandez*, pending in the County Court, Kinney County, Texas, the Honorable Susan D. Reed presiding.

No. 04-23-00038-CR, 2023 WL 4921869, at *2 (Tex. App.—San Antonio Aug. 2, 2023, orig. proceeding) (mem. op., not designated for publication).

On August 25, 2023, the trial court denied Relator's habeas application.

On August 28, 2023, Relator filed the instant petition for writ of mandamus seeking an order from this court compelling the trial court to issue a writ of habeas corpus and rule on the merits of his application. Relator also filed a motion to stay the underlying proceeding pending our final resolution of the petition for writ of mandamus, which we granted on August 30, 2023.

After considering the petition and the record, the court concludes Relator is not entitled to the relief sought because the trial court ruled on the merits of his habeas application. *See In re Lara Belmontes*, No. 04-23-00293-CR, 2023 WL 5249618, at *2 (Tex. App.—San Antonio Aug. 16, 2023, orig. proceeding) ("If the trial court ruled on the merits of relator's habeas application, then the proper remedy is to appeal the order denying relator's habeas application—not to seek mandamus review."); *see also Bell v. State*, 515 S.W.3d 900, 901 (Tex. Crim. App. 2017) (per curiam) (citation omitted) ("Appellate courts must review jurisdiction regardless of whether it is raised by the parties."); *Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008) ("[A]n appeal may be prosecuted when a judge issues a ruling on the merits."). Accordingly, the petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a). The stay imposed on August 30, 2023, is lifted.

PER CURIAM

DO NOT PUBLISH